UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES R. ZUEGEL,<br><br>        Plaintiff,<br><br>    v.<br><br>MOUNTAIN VIEW POLICE DEPARTMENT (MVPD), et al.,<br><br>        Defendants. | Case No. 17-cv-03249-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM, CHANGE CASE CAPTION, AND REDACT SURNAME ON PRIVACY GROUNDS** |

Plaintiff James Zuegel ("Plaintiff") has filed a Motion to Proceed Under Pseudonym, Change Case Caption, and Redact Surname. *See* ECF 14. Defendants oppose in part. *See* ECF 15. Pursuant to Civil Local Rule 7-1(b), the Court finds Plaintiff's motion suitable for submission without oral argument and hereby VACATES the hearing on Plaintiff's motion scheduled for February 8, 2018. The Court has considered the briefing, as well as applicable law, and hereby GRANTS IN PART AND DENIES IN PART Plaintiff's motion.

### I. BACKGROUND

The events giving rise to the underlying causes of action involve Plaintiff's alleged inappropriate touching of a minor girl in the lobby of a YMCA. *See* Amended Complaint, ECF 10, ¶¶ 32-35. Based on police interviews with the minor and her mother, Officers from the Mountain View Police Department allegedly entered Plaintiff's home at 9:33 p.m. on June 7, 2015, without either an arrest warrant or a search warrant, and arrested him in the presence of his wife and their autistic son. *Id.* ¶¶ 37-39. Plaintiff originally filed this action *pro se*, alleging violations of 42 U.S.C. § 1983 and various state law claims against the Mountain View Police Department, the

1   City of Mountain View, and Mountain View Police Officers Patrick Ward, Britton Moore, and
2   Marco Garcia (collectively, "Defendants"). *See* ECF 1.

3   On July 11, 2017, Plaintiff obtained counsel in this matter. *See* ECF 8. An Amended
4   Complaint against Defendants was filed on September 13, 2017. *See* ECF 10. In the Amended
5   Complaint, the pseudonym "Jim Roe" was substituted for Plaintiff's name throughout the
6   pleading. *Id*. The Amended Complaint also altered the name of the minor child involved to
7   remove references to her surname. *Id*. A few days later, Plaintiff filed the instant motion. ECF 14.
8   Plaintiff now seeks to substitute the pseudonym "Jim Roe" for Plaintiff's true name in the case
9   caption and throughout documents filed in this case. *Id*. In addition, although the Amended
10  Complaint does not include the full name of the minor child whom Plaintiff allegedly touched, the
11  original complaint does contain this information. As such, Plaintiff seeks to redact the original
12  complaint to display only the initial letter of the surname of the minor. *Id*.

13  Defendants concede that the original complaint improperly referenced the full name of the
14  minor victim and at least one friend who witnessed the incident. *See* ECF 15. Defendants stated
15  they would agree to stipulate to an order redacting the minors' names from the public record. *Id*.
16  The Court finds that compelling reasons exist to seal the surnames of the minors, and the
17  requested redaction is narrowly tailored to sealable information. *Kamakana v. City & Cty. of*
18  *Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also* Civ. L.R. 79-5(b). Accordingly, the
19  Court GRANTS IN PART Plaintiff's motion on the grounds that only the initial letter of the
20  surnames of the two minor girls should be displayed in the original complaint to protect their
21  privacy. The Clerk shall lock the original complaint (ECF 1) and Plaintiff is instructed to file a
22  redacted version of the original complaint that includes only the initial letter of the minors'
23  surnames.

24  On the other hand, Defendants oppose Plaintiff's motion to proceed under a pseudonym
25  and to redact the case caption and previous documents filed in this action to reflect his
26  pseudonym. *See* ECF 15. For the reasons that follow, the Court agrees with Defendants and
27  DENIES IN PART Plaintiff's motion to proceed under a pseudonym. The Court's denial is
28  without prejudice to Plaintiff making specific requests to seal portions of pleadings or documents.

## II. PROCEEDING UNDER PSEUDONYM

The use of fictitious names is directly at odds with the public's common law right of access to judicial proceedings. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598–99 (1978); *EEOC v. Erection Co., Inc.,* 900 F.2d 168, 169 (9th Cir.1990)). Moreover, Federal Rule of Civil Procedure 10 requires a complaint to "name all the parties." Fed. R. Civ. P. 10(a). Litigants may preserve their anonymity in judicial proceedings only "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068–69. Despite the general rule requiring plaintiffs to proceed under their true names, the Ninth Circuit has identified three situations in which parties have previously been permitted to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.*, 214 F.3d at 1068. Moreover, courts are to consider whether a plaintiff's "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*.

Plaintiff argues that the first and second exceptions to the general rule of proceeding under his true name are applicable here: (1) that disclosure of the content of the complaint in connection with Plaintiff's real name would subject him and his family to risk of "retaliation and mental harm." ECF 14 at 3; and (2) that anonymity is necessary to preserve his privacy in a matter of a sensitive and highly personal nature. *Id*. The Court addresses each situation in turn because they implicate distinct legal principles, although Plaintiff's arguments address the risk of retaliatory harm in conjunction with the privacy implications at stake.

First, where a plaintiff seeks to proceed under a pseudonym to "shield the anonymous party from retaliation," the Ninth Circuit has instructed the district court to evaluate the following five factors to determine the need for anonymity: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, ... (3) the anonymous party's vulnerability to such

3

1 retaliation," (4) the prejudice to the opposing party at each stage of the proceeding, and (5) the

2 public interest. *Advanced Textile Corp.*, 214 F.3d at 1068 (internal citations omitted); *accord Doe*

3 *v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010).

4 At this stage of the litigation, Plaintiff has provided very little evidence of a risk of
5 retaliation and harm and merely suggests that continued disclosure of his real name will subject
6 him to hypothetical reputational harm in the future. Plaintiff argues that the use of his real name
7 in conjunction with the allegations in the Amended Complaint "could" subject Plaintiff and his
8 family to "a risk" of retaliation and mental harm. Plaintiff points out that the docket of this case is
9 publicly available through a simple Google search of his name. ECF 14 at 3. He further implies
10 that disclosure of this lawsuit could harm his reputation within his tight-knit community. *Id.*; *see*
11 *also* Declaration of Violet Grayson ("Grayson Decl."), ECF 14 at 6, ¶ 2. Plaintiff argues that "it is
12 foreseeable" that persons meeting Plaintiff in a professional capacity could Google him and find
13 the docket for this case. *See* ECF 14 at 3.

14 Plaintiff himself does not submit a declaration containing evidence of a risk of retaliation
15 or mental harm for the Court to consider, but rather his counsel declares that "[i]t is my
16 professional opinion that this case should go forward with use of a pseudonym for Plaintiff."
17 Grayson Decl. ¶ 3. The actual evidence before the Court, rather than attorney argument, only
18 speaks to potential retaliation to the extent counsel relays Plaintiff's anxiety that his daughter's
19 career and reputation "might be" injured by disclosure of this lawsuit. *Id*. ¶ 4. Moreover, counsel
20 testifies that Plaintiff did not understand when he filed his original complaint that a Google search
21 of his name would lead to the docket in this case. *Id*. ¶ 3. The Court is left to infer that Plaintiff's
22 friends or neighbors will access the docket, resulting in unspecified reputational harm.

23 Defendants point out that there is insufficient evidence upon which the Court can conclude
24 that there is a need for anonymity in this case to shield Plaintiff from retaliation and mental harm.
25 ECF 15 at 3. In addition, Defendants have provided evidence that Plaintiff was previously the
26 subject of a criminal prosecution arising out of the same incident. *See* Declaration of Jon A.
27 Haeberlin ("Haeberlin Decl."), ECF 15-1, Ex. A ("Misdemeanor Complaint"). The criminal

28

4

complaint was filed over two years ago and remains publicly accessible through an online search. Haeberlin Decl. ¶ 4.

The Court has considered the evidence in the record and the arguments of the parties with respect to the need to protect Plaintiff from retaliation and mental harm, and finds that the factors set out by the Ninth Circuit in *Advanced Textile Corp.* weigh against permitting Plaintiff to proceed anonymously at this stage. 214 F.3d at 1068. Through his attorney, Plaintiff has articulated a risk of reputational harm to him and his family, but does not assert any risk of physical threats or danger. Moreover, the dearth of evidence means that the Court has no ability to evaluate the severity of the alleged reputational harm, the reasonableness of Plaintiff's fears, or his vulnerability to such retaliation other than the fact that Plaintiff is from a small town. Plaintiff also does not articulate how, in light of the public availability of the criminal allegations against him, the civil suit alone subjects him to the sort of reputational harm he faces. Finally, the Court takes into account the prejudice to Defendant and the public interest, particularly with respect to proceeding under a pseudonym during discovery and at trial. Even if, as Plaintiff suggests, Defendants already know Plaintiff's real name, the prejudice results from withholding Plaintiff's name from third parties, and eventually from the jury.

The Court has also considered Plaintiff's argument that other courts have frequently permitted plaintiffs to proceed under pseudonyms in cases involving sex offenses or sex offender registration. ECF 14 at 3 (collecting cases). However, the Amended Complaint alleges that Plaintiff ultimately pled no contest to a misdemeanor for disorderly conduct, which does not trigger sex offender registration. *See* ECF 10 ¶ 48. Although the Court recognizes that there were initially allegations involving sexual conduct brought against Plaintiff, this case is distinct from *Doe v. County of El Dorado*, Case No. 13-CV-01433, 2013 WL 6230342 (E.D. Cal. Dec. 2, 2013). Although the plaintiff in *County of El Dorado* also lived in a small town, he was a convicted sex offender who challenged the defendant's sex-offender ordinance as violating the Constitution. 2013 WL 6230342, at *5. In support of his motion to proceed under a pseudonym, the plaintiff provided declarations from himself, his attorney who had previous experience working with convicted sex offenders, as well as an academic who studies sex offenders. *Id.* at *3. All three

5

declarants attested to the possibility of physical harm if plaintiff's identity was not disguised. *Id*. The district court ultimately found that the plaintiff could proceed under a pseudonym. *Id*. at *6. Plaintiff here does not allege or provide evidence of any risk of physical harm, specific risk of reputational harm, and does not explain how he is similarly situated to any of the plaintiffs in the cases he cites.

Finally, with regards to his privacy, Plaintiff has not demonstrated why anonymity is necessary in light of the presumption of access to judicial proceedings and Rule 10(a)'s requirement that all parties to litigation be named. The Court ultimately balances the need for anonymity with the interests weighing in favor of open judicial proceedings. *See Advanced Textile Corp.*, 214 F.3d at 1069. Plaintiff cites to no case supporting his need to proceed anonymously on the basis that information in the docket is sensitive or highly personal. Plaintiff does not even point out *what* information on the docket is sensitive or highly personal, but the Court infers that he is concerned about the nature of the allegations and the initial charges brought against him arising from the incident at the YMCA. Plaintiff argues only that it is foreseeable that persons (in other words, the public) could search for Plaintiff's name and "learn highly personal information, which they have no legitimate need to know." ECF 14 at 3-4. Yet the criminal complaint against Plaintiff remains publicly available. In addition, Plaintiff chose to file this lawsuit and drafted his allegations including the underlying facts of the case. Defendants argue that in these circumstances, Plaintiff "shouldn't be permitted to make highly-charged allegations of civil rights violations on the one hand – including coercive and malicious conduct – while simultaneous [sic] hiding under the cloak of anonymity." ECF 15 at 3. Based on the evidence before the Court, and the lack of authority to the contrary, the Court finds that Plaintiff is not entitled to proceed under a pseudonym on the grounds of privacy.

For the foregoing reasons, Plaintiff's motion to proceed under a pseudonym is DENIED. Denial of this motion is without prejudice to Plaintiff making specific requests to seal portions of pleadings or documents. Moreover, the Magistrate Judge presiding over discovery issues in this proceeding also has the authority under Federal Rule of Civil Procedure 26(c) to issue protective orders limiting disclosure of Plaintiff's name to the extent necessary and without prejudicing

Defendants' ability to litigate the case. Fed. R. Civ. P. 26(c); *Advanced Textile Corp.*, 214 F.3d at 1069.

### III. ORDER

Plaintiff's motion to proceed anonymously is GRANTED IN PART AND DENIED IN PART. Plaintiff's request to redact the surname of the minor on privacy grounds is GRANTED. Plaintiff's request to proceed under pseudonym and change the case caption is DENIED.

The Clerk shall lock the original Complaint filed on June 6, 2017. *See* ECF 1. Plaintiff is instructed to file the following documents in the record **on or before October 25, 2017:**

1. File a redacted version of the original complaint in the record that redacts only the surnames of the minors in accordance with this Order.
2. File a revised Amended Complaint in the record that uses Plaintiff's real name. This version of the Amended Complaint shall be deemed the operative complaint in this action.

Dated: October 18, 2017

_____
BETH LABSON FREEMAN
United States District Judge