UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES R. ZUEGEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MOUNTAIN VIEW POLICE DEPARTMENT (MVPD), et al.,<br><br>　　　　Defendants. | Case No. 17-cv-03249-BLF<br><br>**ORDER GRANTING WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Re: ECF 19] |

Plaintiff James Zuegel ("Plaintiff") brings this action alleging violations of 42 U.S.C. § 1983 and state law against Defendants Mountain View Police Department ("MVPD"), City of Mountain View (the "City"), and Mountain View Police Officers Patrick Ward, Britton Moore, and Marco Garcia (collectively, "Officer Defendants") (together with MVPD and the City, "Defendants"). *See* ECF 18 ("Amended Compl."). Before the Court is Defendants' motion to dismiss the Amended Complaint. ECF 19-1 ("Mot."). The Court held a hearing on Defendants' motion to dismiss on February 8, 2018. Based on the briefing, oral argument presented at the hearing, and the applicable law, the Court hereby GRANTS Defendants' motion to dismiss WITH LEAVE TO AMEND IN PART and WITHOUT LEAVE TO AMEND IN PART.

I. **BACKGROUND**[1]

The Court previously discussed the factual and procedural background of this case in its Order Granting in Part and Denying in Part Plaintiff's Motion to Proceed Under a Pseudonym,

---

[1] Plaintiff's well-pled factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

Change Case Caption, and Redact Surname on Privacy Grounds. *See* ECF 16. The Court reviews the relevant background again here. Although Plaintiff originally filed this action *pro se* on June 6, 2017 (ECF 1), he retained counsel on July 11, 2017 and an Amended Complaint was filed on September 13, 2017. *See* Amended Compl.[2] The Amended Complaint asserts violations of 42 U.S.C. § 1983 and various state law causes of action against Defendants based on the events surrounding Plaintiff's warrantless arrest inside his home on June 7, 2015. *See generally* Amended Compl.

Plaintiff alleges that on May 23, 2015, he and his wife, Lisa, accompanied their son, JR, to the Mountain View El Camino YMCA ("YMCA"). *Id.* ¶ 20. JR is severely autistic, and is assisted by a certified Autism Service Dog named Oakland. *Id.* ¶ 14. After JR's swim lesson, Plaintiff waited for his family on a couch in the YMCA lobby with Oakland sitting at his feet. *Id.* ¶¶ 20-21. Plaintiff alleges that two young girls were seated nearby on the couch, and chatted with Plaintiff about Oakland, who Plaintiff explained was a service dog for his son. *Id.* ¶ 22. One of the two girls petted Oakland. *Id.*

When JR emerged from the Family and Special Needs Shower Area, he was making loud noises and eventually sat between Plaintiff and one of the girls on the couch, before attempting to "dart" away. *Id.* ¶ 23. Plaintiff grabbed JR by the back of his t-shirt to bring him back to the couch, saying something to the effect of "sit your butt down," which was Plaintiff's routine response to JR's attempts to dart away. *Id.* Soon after, Lisa entered the lobby and Plaintiff indicated to her that a foul smell was emanating from a homeless man seated nearby. *Id.* ¶ 24. As Plaintiff's family prepared to leave, a woman who appeared to be the girl's mother approached and Plaintiff asked the woman if the girls were twins, because Plaintiff himself was a twin. *Id.* ¶ 25. The woman did not respond. *Id.*

A number of days later and unbeknownst to Plaintiff at the time, the minor girl's mother drove her daughter to the MVPD on June 5, 2015 to report that a man with a service dog at the

---

[2] Plaintiff's Amended Complaint filed at ECF 10 used the pseudonym "Jim Roe," pending determination of Plaintiff's motion to proceed anonymously. Upon the Court's denial of Plaintiff's motion, ECF 16, the corrected Amended Complaint was filed in the record at ECF 18.

2

YMCA had bothered and "touched" her daughter. *Id.* ¶¶ 26-28. Defendant Officer Patrick Ward interviewed the daughter, who recalled that the man with the service dog slapped her on the butt and asked her "how old are these buns?" *Id.* ¶ 32. Plaintiff alleges that the police conducted a follow-up interview with the minor, who repeated that the man with the service dog "smacked her on the butt" but did not "touch any private areas." *Id.* ¶ 34. Plaintiff points out various issues with the mother and daughter's statements to the MVPD, and completely denies that he smacked the girl on the butt or made the inappropriate comments attributed to him. *Id.* ¶ 35.

Based on the police interviews with the minor and her mother, Officers Ward and Britton Moore allegedly entered Plaintiff's home at 9:33 p.m. on June 7, 2015, without either an arrest warrant or a search warrant, and arrested him in the presence of Lisa and JR. *Id.* ¶¶ 37-39. When Plaintiff and his wife refused to be separated and interrogated in the absence of counsel, Plaintiff was handcuffed and arrested. *Id.* ¶ 38. The episode was extremely distressing to the family, and caused JR to become highly agitated. *Id.* ¶ 39. Plaintiff asserts that Defendants joined in the "witch-hunt atmosphere" in the wake of news reports of molestation victims coming forward, and that Defendants acted improperly by accepting the mother and daughter's story about Plaintiff which was "physically impossible." *Id.* ¶ 36. Moreover, Plaintiff alleges that the Officers executed a pre-existing and deliberate plan to arrest him on a Sunday so that he could not be released on bail until the following business day. *Id.* ¶ 41.

At the police station, Officer Marco Garcia led the interrogation of Plaintiff, who denied all wrongdoing. *Id.* Plaintiff claims that he was interrogated notwithstanding his request for an attorney, that the Officers lied about possessing an incriminating video of the YMCA lobby, and that they coerced him into consenting to a search of his cell phone. *Id.* Plaintiff was transferred from the Mountain View police station to the county jail in San Jose at 1:00 a.m. where he was confined overnight and for part of the following day until Lisa posted bail on June 8, 2015. *Id.* ¶¶ 42, 44.

The Santa Clara County District Attorney filed a two count Misdemeanor Complaint against Plaintiff on June 24, 2015, charging him with Misdemeanor Sexual Battery in violation of Penal Code section 242-243.4(3)(1), and Misdemeanor Soliciting or Engaging in Lewd Conduct in

3

Public in violation of Penal Code section 647(a). *Id.* ¶ 44. These misdemeanor charges carried the threat of sex offender registration. *Id.* Plaintiff alleges that he retained counsel and pursued a "vigorous defense," intending to bring the case to trial. *Id.* ¶ 45. Ultimately, in September 2016, the Deputy DA handling the case offered Plaintiff a plea bargain which would permit Plaintiff to plead guilty to a misdemeanor that did not require sex offender registration. *Id.* ¶ 46. Plaintiff pled no contest to misdemeanor disorderly conduct and was placed on probation for three years, ordered to perform 75 hours of community service, and barred from coming within 300 yards of the YMCA. *Id.* ¶ 48. Plaintiff maintains his innocence in the criminal proceedings, admitting only that he gave into the "coercive power of the threat of sex offender registration" and intends to pursue habeas corpus proceedings challenging the constitutionality of sex offender registration as applied to his case. *Id.* ¶¶ 47-49. Thereafter, Plaintiff intends to withdraw his guilty plea and obtain a complete acquittal at trial. *Id.* ¶ 49.[3]

In this civil action, Plaintiff asserts six causes of action against: (1) the Officer Defendants for violations of 42 U.S.C. § 1983; (2) MVPD and the City for violations of § 1983 (*Monell* Claim); (3) all Defendants for violations of the Bane Act, California Civ. Code section 52.1(b); (4) all Defendants for false arrest and false imprisonment; (5) all Defendants for intentional infliction of emotional distress; and (6) all Defendants for reckless and grossly negligent infliction of emotional distress. *See generally* Amended Compl. On October 27, 2017, Defendants moved to dismiss all claims asserted against them. *See generally* Mot.

## II.  LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.' " *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the

---

[3] The Court does not consider the added factual allegations in Plaintiff's opposition brief and oral argument. *See* Opp'n at 11 ("Nonetheless, Plaintiff has, in his Opposition to Motion to Dismiss, explicated his legal theories at greater length.") The additional information provided by Plaintiff is considered, at most, as a representation of what Plaintiff could allege if granted leave to amend.

4

plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Defendants assert that they are shielded by qualified immunity at the pleading stage for Plaintiff's cause of action for unlawful arrest under § 1983, and that Plaintiff's claims are also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See* Mot. at 3. Without an underlying constitutional violation, Defendants further argue that Plaintiff's *Monell* claim against the City and MVPD must fail. Mot. at 7-8. In addition, Defendants argue that the state law claims should be dismissed because Plaintiff fails to allege compliance with the California Tort Claims Act (California Government Code § 905, et seq.). Mot. at 8. The Court resolves Defendants' motion to dismiss as follows.

### 1. § 1983 Claim Against the Officer Defendants

With respect to Plaintiff's first cause of action, Defendants move to dismiss Plaintiff's claims arising out of the alleged unlawful arrest on the grounds that the Officer Defendants are shielded by qualified immunity, and the unlawful arrest claim is barred by the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See* Mot. at 4-7. Defendants argue that Plaintiff should be ordered to provide a more definite statement to the extent he seeks to pursue additional § 1983 claims against the Officer Defendants. *See id.* at 7. For the reasons that follow, the Court finds that *Heck* bars the majority of Plaintiff's federal claims against the Officer

Defendants.[4] However, Plaintiff may be able to plead a viable § 1983 claim for a misdemeanor arrest in the home at night that is not barred by *Heck*, and is granted leave to amend to attempt do so. Upon amendment of the factual basis for the claim, Defendants may assert that they are entitled to qualified immunity.

### a. Unlawful Arrest

One of the several constitutional violations referred to in Plaintiff's single § 1983 cause of action against the Officer Defendants is a claim that the Officers violated Plaintiff's Fourth Amendment rights by arresting him without probable cause. *See* Amended Compl. ¶ 51. Before reaching the qualified immunity analysis that Defendants assert on this claim, the Court considers whether *Heck v. Humphrey* bars Plaintiff's claim for unlawful arrest.

In *Heck,* the Supreme Court considered "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." 512 U.S. at 478. The Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87. Thus, *Heck* stands for the proposition that claims for damages under Section 1983 are not cognizable when "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Id.* at 481–82; *see also Wilkinson v. Dotson,* 544 U.S. 74, 81 (2005) (*"Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence.")

---

[4] The Court does not reach the question of qualified immunity as to those claims barred by *Heck.*

6

In this case, Plaintiff alleges in the pleading itself that he has retained counsel to pursue this § 1983 action simultaneously with habeas corpus proceedings, and he ultimately seeks to withdraw his plea and obtain an acquittal. Amended Compl. ¶ 49. But as it stands, the conviction has not been reversed, expunged, invalidated or called into question. 512 U.S. at 487. The Court cannot ignore the common thread throughout the Amended Complaint that Plaintiff adamantly asserts his innocence in the criminal proceedings and explains that he only took the plea in order to avoid sex offender registration— "even though he had engaged in no disorderly conduct and committed no crime of any description." *Id.* ¶ 48. Thus, Plaintiff's § 1983 claim appears to be a quintessential *Heck* issue, using a civil suit for damages to prove his innocence and "demonstrate[] the invalidity of the conviction." 512 U.S. at 481-82. In other words, if Plaintiff were to prevail on his unlawful arrest claim against Defendants, it would necessarily call into question his criminal conviction for disorderly conduct.

The facts of *Haack v. City of Carson City* are similar to the situation presented here, and the Court finds the *Haack* court's application of the *Heck* doctrine persuasive. No. 3:11-CV-00353-RAM, 2012 WL 3962453, at *2 (D. Nev. Sept. 10, 2012). In *Haack*, the plaintiff was employed as a woodshop teacher at a school in Carson City, Nevada, and carried a pocket utility knife to help with his students' projects. *Id.* at *1. After meeting with his supervisor where he requested a higher salary, the plaintiff allegedly turned to the supervisor's assistant, showed her the pocket knife, and said "I was tempted to use it, but I didn't." *Id*. After an investigation, the plaintiff was arrested for "threatening or intimidating an employee of a school district," which constitutes a gross misdemeanor under Nevada law. *Id.* at *2. Plaintiff was charged with a lesser offense of "creating a disturbance in a school building," and eventually pled no contest to an even lesser charge of disorderly conduct, a misdemeanor under Nevada law. *Id.*[5]

In determining whether the plaintiff's suit was barred, the *Haack* court considered "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed[.]" No. 3:11-CV-00353-

---

[5] Like the plaintiff in *Haack*, Plaintiff does not dispute that a no contest plea has the same impact as a guilty plea or other conviction for the purposes of applying the *Heck* doctrine.

7

RAM, 2012 WL 3962453, at *4–5 (quoting *Heck*, 512 U.S. at 487). The plaintiff argued that his assertion that his arrest for a gross misdemeanor was unsupported by probable cause did not necessarily imply the invalidity of his conviction for disorderly conduct, a misdemeanor charge. *Id.* at *5. The *Haack* court rejected this argument out of hand, reasoning that "[i]f the court went along with Plaintiffs [sic] reasoning, whenever a criminal defendant enters into a plea agreement which results in the entry of a plea to a lesser offense than that for which he or she was arrested, *Heck* would not apply." *Id.* Instead, the court agreed with the defendants "that plea negotiations involve various considerations which may have absolutely no relationship to whether there was probable cause for the underlying arrest." *Id.* In this case, to the extent Plaintiff seeks a finding by this Court that there was no probable cause supporting his arrest for his alleged inappropriate conduct at the YMCA, it would imply that there was no probable cause to charge him for that conduct, which would impermissibly use section 1983 to invalidate his conviction.

*Smithart v. Towery* also supports this Court's conclusion that *Heck* bars certain Fourth Amendment violations asserted here. 79 F.3d 951, 952 (9th Cir. 1996). In *Smithart*, the Ninth Circuit permitted the plaintiff's excessive force claim to proceed because a successful section 1983 action on that claim would not necessarily imply the invalidity of his arrest or conviction. *Id.* at 952. In contrast, the Ninth Circuit unequivocally held that "[t]here is no question that *Heck* bars Smithart's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him. Smithart may challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus. To the extent that Smithart seeks to invalidate his assault conviction, whether expressly or by implication, we affirm the district court's dismissal. If Smithart wishes to challenge his arrest, prosecution or conviction, he should file a writ of habeas corpus." *Id.*

In light of the reasoning in *Heck, Haack*, and *Smithart,* the Court rejects Plaintiff's argument that the relief he seeks "would not invalidate or expunge his conviction of misdemeanor disturbing the peace by making noise." Opp'n at 9, ECF 22. The Deputy District Attorney did "not dismiss the case" but rather, Plaintiff pled to misdemeanor disorderly conduct, was placed on probation, completed 75 hours of community service, and was barred from coming within 300

8

yards of the YMCA. Amended Compl. ¶¶ 46-48. That conviction has not been overturned or otherwise invalidated. For purposes of the *Heck* doctrine, the dispositive question before the Court is whether a successful section 1983 claim would necessarily imply the invalidity of Plaintiff's plea of no contest to misdemeanor disorderly conduct. Amended Compl. ¶ 48.

Plaintiff argues that this Court should ignore *Haack* because it is inconsistent with the Supreme Court's decision in *Muhammad v. Close*, 540 U.S. 749 (2004).[6] Opp'n at 9 n.2. According to Plaintiff, *Muhammad* requires a determination that his § 1983 claims are not barred by *Heck*. Opp'n at 8-9. The Court finds *Muhammad* distinguishable on its facts, and the case does not assist Plaintiff over the *Heck* bar on the probable cause issue. In *Muhammad*, the prisoner plaintiff had a confrontation with a prison guard, resulting in the plaintiff being handcuffed and subjected to pretrial detention on charges of "Threatening Behavior." 540 U.S. at 752. After six days in mandatory detention, the plaintiff was acquitted of threatening behavior but found guilty of the lesser infraction of insolence, which would not have mandated pretrial detention. *Id.* The plaintiff filed a subsequent action under § 1983, alleging that the guard had charged him with threatening behavior and subjected him to mandatory pretrial detention in retaliation for plaintiff's prior lawsuits and grievance proceedings against the guard. *Id.* at 753.

The Supreme Court held that *Heck* did not bar the § 1983 case because the plaintiff did not challenge his insolence conviction or any subsequent detention – he only sought damages for the injuries sustained during the six days of prehearing detention resulting from the guard's retaliatory motive. *Id.* at 754-55. Thus, the plaintiff was challenging only the retaliatory conduct that subjected him to unnecessary pretrial detention and was not deemed to be seeking a judgment at odds with his conviction. *Id.* "That is, he raised no claim on which habeas relief could have been granted on any recognized theory, with the consequence that *Heck's* favorable termination requirement was inapplicable." *Id.* at 755.

*Muhammad* does not clarify or change *Heck* as applied to this case. Rather, *Muhammad* involved a challenge to a prison disciplinary proceeding where the plaintiff did not challenge the

---

[6] Plaintiff's repeated citation to "*Muhammad v. Mease*" is clearly intended to reference the Supreme Court's 2004 decision *Muhammad v. Close*, 540 U.S. 749.

9

disciplinary decision itself and the challenge did not affect the fact or duration of confinement. *Id.* at 754-55. In contrast, Plaintiff challenges whether Defendants had probable cause to arrest him and denies wrongdoing of any kind. *Muhammad* is therefore not applicable to Plaintiff's claim that Defendants lacked probable cause to arrest him.

As discussed below and at the hearing, the Court agrees that some of Defendants' conduct "in connection with" Plaintiff's arrest in this case may not be barred by *Heck*. *See* Opp'n at 9-10. Just as a plaintiff is not barred from bringing an excessive force claim under § 1983 even if he is ultimately convicted for an underlying offense, and just has Muhammad could challenge his unwarranted pretrial detention, Plaintiff may still plead a claim for conduct related to his arrest that would not "demonstrate the invalidity" of his conviction if he prevailed. *Heck*, 512 U.S. at 487. However, Plaintiff's argument that his § 1983 claim for unlawful arrest can proceed despite his conviction for disorderly conduct stretches *Heck* and *Muhammad* too far.

Prosecutors have discretion to charge defendants with crimes other than those they were arrested for, and to offer plea bargains to secure convictions for crimes other than those that defendants were initially charged with. Plaintiff's arrest in this case is not distinct from his ultimate conviction, as he suggests. The Ninth Circuit has applied *Heck* to dismiss cases in which "a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought[.]" *Smithart*, 79 F.3d at 952. The well-pled facts make clear that Plaintiff's conviction for disorderly conduct was a lesser crime that the prosecution offered so that Plaintiff would not have to register as a sex offender. Amended Compl. ¶ 46 (alleging that Deputy District Attorney Audrey Pak offered Plaintiff a plea bargain "in which he would admit a 'non-290' misdemeanor—in other words, a misdemeanor that would not require sex offender registration," and explaining it was Pak's "last and best offer" for Plaintiff "to admit a misdemeanor that would not trigger sex offender registration."). Nothing in the Amended Complaint suggests that the basis for the conviction was different from the conduct forming the basis of the original charges.[7] Thus, Plaintiff's disorderly conduct plea is based on the

---

[7] That Plaintiff was actually barred from coming within 300 yards of the YMCA as part of his plea underscores that the factual basis for the conviction arose from the same incident at the YMCA

10

same facts that led to his arrest, and is "fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought." *Haack*, No. 3:11-CV-00353-RAM, 2012 WL 3962453, at *6 (citing *Smithart*, 79 F.3d at 952).

Put simply, if the Court were to accept Plaintiff's allegation that he "committed no crime of any description" and conclude that Defendants lacked probable cause to arrest him, that determination would implicate his conviction for disorderly conduct. Amended Compl. ¶ 48. Allowing a § 1983 claim for unlawful arrest to proceed in these circumstances would be an improper challenge to Plaintiff's conviction, and is properly the subject of habeas corpus proceedings which Plaintiff alleges he is simultaneously pursuing. *Id.* ¶ 49. Accordingly, Plaintiff's § 1983 claim for an arrest without probable cause is barred by *Heck*, and Defendants' motion to dismiss this claim is GRANTED WITHOUT LEAVE TO AMEND. Dismissal of Plaintiff's § 1983 claims is without prejudice to re-filing state law causes of action based on such conduct in state court. However, without a valid basis for federal jurisdiction, the Court will not exercise supplemental jurisdiction over associated state law claims.

### b. Additional § 1983 Claims

Plaintiff's first cause of action against the Officer Defendants combines a host of additional § 1983 claims that the Court and Defendants have attempted to parse. To the extent that Plaintiff asserts more than a claim for an arrest without probable cause, Defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e) requesting a more sufficient factual basis on which to frame their responsive pleading. Mot. at 7.[8] The Court agrees that Plaintiff's remaining § 1983 claims against the Officer Defendants are factually deficient, but also finds that the vast majority of Plaintiff's allegations are also barred by *Heck* because they impermissibly collaterally attack his criminal conviction as explained above.

---

that formed the basis for the original arrest and misdemeanor charges. Amended Compl. ¶ 48. Moreover, the Court cannot draw the implausible inference suggested by Plaintiff at oral argument that the factual basis to which he pled guilty was that his son was making a commotion and he grabbed his son and pulled him onto the sofa. *See* Hearing Transcript at 27:6-16, ECF 39.
[8] Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading to which a responsive pleading is allowed if it is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

11

As currently pled, Plaintiff attempts to hold the Officer Defendants liable for (1) an unlawful arrest of Plaintiff in his home without probable cause, without an arrest warrant, and absent exigent circumstances, for an act which would have constituted a misdemeanor, in violation of the Fourth Amendment to the United States Constitution; (2) coercing Plaintiff to consent to a warrantless search of his cell phone in violation of the Fourth Amendment and privacy and free association rights secured by the First, Eleventh, and Fourteenth Amendments; (3) violation of Plaintiff's Fifth Amendment right to remain silent; (4) violation of Plaintiff's Sixth Amendment right to counsel; (5) violation of Plaintiff's Fourteenth Amendment due process right by interrogating him after he requested an attorney and attempting to trick him by claiming to possess a videotape of the YMCA lobby; (7) violation of the rights to privacy, family integrity and parental relations secured by the Eleventh and Fourteenth Amendments by unlawfully invading Plaintiff's home on a Sunday night and exposing his family to the sight of their husband/father being led away in handcuffs; (8) violation of privacy rights by deliberately arresting Plaintiff over the weekend so that he would be strip-searched and cavity-searched and confined to a cell instead of permitting him to self-surrender. *See* Amended Compl. ¶ 51.

As explained above, the Court finds that *Heck* bars Plaintiff's § 1983 claim challenging Defendants' probable cause to arrest Plaintiff. The *Heck* doctrine also directly addresses Plaintiff's challenge to the lack of a warrant, the coercion to consent to a search of his phone,[9] the right to remain silent, the right to counsel, and the due process right not to be interrogated, because Plaintiff could have challenged all of that conduct in motions to suppress during the criminal proceedings or can pursue it in habeas proceedings. These injuries are not independent of the arrest, and Plaintiff's recovery for damages on these claims would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. Under the binding authority of

---

[9] Plaintiff's reliance on *Riley v. California* is misplaced. Opp'n at 7-8 (citing 134 S.Ct. 2473 (2014)). The Supreme Court in *Riley* considered the constitutionality of a cell phone search incident to arrest. Here, Plaintiff alleges without any factual specificity that Defendants coerced him to consent to a cell phone search, rendering *Riley* inapposite. Amended Compl. ¶¶ 40, 41, 51.

*Heck* and *Muhammad*, Plaintiff may not use § 1983 to collaterally attack his conviction.[10]

Moreover, none of these claims are accompanied by the factual specificity required by Rule 8, and the Court would grant Defendants' request for a more definite statement under Rule 12(e) even if the claims overcame *Heck*. The Court also finds that many of Plaintiff's allegations cast arrests at night or standard police protocol and persuasive tactics as unconstitutional without explanation. However, because the *Heck* doctrine bars these claims, the Court finds that leave to amend under Rule 15 would be futile. *See* Fed. R. Civ. P. 15; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to the § 1983 claims that relate to the underlying facts charged in the criminal proceedings.

The Court next turns to Plaintiff's claim that the Officer Defendants violated the Fourth Amendment by arresting him in his home at night, absent exigent circumstances, for conduct which constituted a misdemeanor. Amended Compl. ¶ 51. The Court finds that these circumstances surrounding the manner of the arrest—arresting Plaintiff at home at night for a misdemeanor that did not occur in the presence of an officer—could form the basis of a § 1983 claim if adequately pled because they threaten no consequence to the ultimate conviction. *Muhammad,* 540 U.S. at 751. However, the Amended Complaint does not support a reasonable inference that Plaintiff was arrested for a misdemeanor, or that Defendants entered the home without consent.

In his opposition, Plaintiff argues that he was arrested "on misdemeanor charges" for an offense that was not committed in the presence of a peace officer, which runs afoul of California Penal Code section 836. Opp'n at 5. But Plaintiff over emphasizes the importance of misdemeanor *charges* brought against him by the District Attorney, and does not plead any facts supporting an inference that his *arrest* by the police on June 7, 2015 was only for misdemeanor conduct. In any qualified immunity analysis, the Court would need to consider whether a

---

[10] Plaintiff's attempt to pick apart evidence such as the video footage of the witness interview to challenge Defendants' probable cause to arrest him is similarly precluded by *Heck*. *See* Hearing Tr. 20:11-21:2. Although this may be a proper evidentiary challenge in a criminal case, Plaintiff may not seek damages under section 1983 that "necessarily demonstrates the invalidity of the conviction." *Heck*, 512 U.S. at 481–82.

13

reasonable officer in Defendants Ward and Moore's position could have believed his or her conduct was lawful in light of clearly established law. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). More facts regarding whether Plaintiff was arrested for a misdemeanor or felony are required to adequately plead this claim and allow the Court to reach the qualified immunity issue.

Defendants argue that Plaintiff was arrested for a violation of California Penal Code § 288, which is a felony criminalizing "any lewd or lascivious act...upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." Mot. at 4. Defendants point to Plaintiff's original *pro se* Complaint, where he alleged that when he asked the officers what he was being arrested for, they responded: "Lewd and Lascivious Acts with a Minor." *See* ECF 1 at 5:17-19. Plaintiff argues that the Court should ignore the *pro per* Complaint and consider only the amended pleading which renders the prior pleading "non-existent." Opp'n at 3. Moreover, Plaintiff adds that even a reference to "Lewd and Lascivious Acts with a Minor" does not implicate a violation of Penal Code § 288 or any other felony. Opp'n at 3.

For purposes of this motion to dismiss, the Court does not consider the allegations in the superseded *pro per* Complaint. However, in looking only to the Amended Complaint, Plaintiff does not adequately plead that he was arrested for a misdemeanor. Plaintiff's argument that "[t]he trivial action of which [Plaintiff] was accused would have been a misdemeanor, had it been committed," is unsupported by any factual allegations that would raise a plausible inference for the Court to draw in his favor. *See* Opp'n at 3-4. Accordingly, Defendants' motion to dismiss this claim is GRANTED. However, a § 1983 claim for an unconstitutional misdemeanor arrest in the home at night would be in line with *Muhammad* in that it would not challenge the validity of Plaintiff's disorderly conduct conviction. 540 U.S. at 751 ("*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence.") To the extent that Plaintiff can do so consistent with Rule 11, Plaintiff is afforded leave to amend his § 1983 claim against the Officer Defendants for an unlawful misdemeanor arrest in his home at night.

Defendants also assert that the lack of exigent circumstances does not render the arrest

14

invalid because they entered Plaintiff's home with his wife's consent. Mot. at 4. Plaintiff argues that whether Plaintiff's wife consented to the police entering her home "is a question for a much later stage of these proceedings." Opp'n at 4. Not so. The Amended Complaint does not plead facts raising a plausible inference that the police unlawfully entered the home. Rather, Plaintiff alleges that Officers Ward and Moore "entered" the home pursuant to a "warrantless intrusion." Amended Compl. ¶¶ 38-39. Again, the Court will not consider the original *pro se* allegations that were removed from the Amended Complaint, but will require amendment consistent with Rule 11 to the extent Plaintiff seeks to state a § 1983 claim for unlawful entry into his home.

For the foregoing reasons, Defendants' motion to dismiss the § 1983 claims against the Officer Defendants is GRANTED WITHOUT LEAVE TO AMEND IN PART under *Heck v. Humphrey*, and GRANTED WITH LEAVE TO AMEND IN PART in order for Plaintiff to contest a misdemeanor arrest in the home at night and/or a warrantless arrest without consent to enter and absent exigent circumstances.

### 2. *Monell* Claim

Plaintiff's second cause of action alleges municipal liability under § 1983 against the City and MVPD. Amended Compl. ¶¶ 53-55. To the extent Plaintiff asserts this claim under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), his claims fail in the absence of an underlying constitutional deprivation or injury. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."); *Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 957 (9th Cir.2008) ("Because there is no constitutional violation, there can be no municipal liability.")

Defendants' motion to dismiss Plaintiff's second cause of action is GRANTED WITH LEAVE TO AMEND. If Plaintiff adequately alleges a constitutional violation consistent with the claims discussed above that are not barred by *Heck*, he may also re-allege municipal liability against the City and MVPD consistent with those claims.

### 3. State Law Claims

Defendants also move to dismiss Plaintiff's state law causes of action because he has not alleged compliance with the California Tort Claims Act ("CTCA") or circumstances excusing compliance, which is required before bringing a claim for money damages against a public entity. Mot. at 8 (citing *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995)); *see also Snipes v. City of Bakersfield,* 145 Cal.App.3d 861 (Cal.App. 1983). Plaintiff argues that compliance with the CTCA is excused because the monetary damages he seeks are incidental to his request for injunctive relief. Opp'n at 10-11. The Court finds that Plaintiff's vague request for "injunctive relief fashioned to prevent any repetition of Defendants' tortious and unconstitutional conduct," is not sufficient to sidestep the requirements of the CTCA. Amended Compl. at 20.

Defendants' motion to dismiss the state law claims is GRANTED WITH LEAVE TO AMEND in order to allege compliance with the CTCA or circumstances excusing compliance. Failure to plead a valid federal claim against Defendants will result in dismissal of the remaining state law causes of action without prejudice to re-filing in state court.[11]

## IV. ORDER

For the foregoing reasons, the Court ORDERS that Defendants' motion to dismiss is:

(1) GRANTED WITHOUT LEAVE TO AMEND IN PART as to Plaintiff's § 1983 claims against the Officer Defendants that are barred by *Heck v. Humphrey*, and WITH LEAVE TO AMEND IN PART as to claims for a misdemeanor arrest in the home at night, and/or a warrantless arrest without consent to enter the home and absent exigent circumstances.

(2) GRANTED WITH LEAVE TO AMEND as to Plaintiff's second cause of action against the City and MVPD, consistent with amendment of the § 1983 claims against the Officer Defendants.

---

[11] The Court wishes to clarify that the only state law claims that can be amended are those arising from conduct forming the basis of the § 1983 claims on which the Court has permitted amendment. Plaintiff's state law causes of action based on the conduct underlying the § 1983 claims dismissed under *Heck* are DISMISSED WITHOUT PREJUDICE to re-filing in state court.

16

(3) GRANTED WITH LEAVE TO AMEND as to Plaintiff's state law causes of action for failure to comply with the CTCA.

(4) Plaintiff shall file any Second Amended Complaint **on or before May 21, 2018.** Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in dismissal of Plaintiff's claims with prejudice.

Dated: April 19, 2018

_____
BETH LABSON FREEMAN
United States District Judge

17