**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JAMES R. ZUEGEL, <br><br> Plaintiff, <br><br> v. <br><br> MOUNTAIN VIEW POLICE DEPARTMENT (MVPD), et al., <br><br> Defendants. | Case No. 17-cv-03249-BLF <br><br> **ORDER DISMISSING WITHOUT LEAVE TO AMEND BANE ACT CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION** |

On October 26, 2018, the Court instructed the parties to submit briefing on whether Plaintiff James Zuegel ("Plaintiff") has standing to bring his California Bane Civil Rights Act claim under the Supreme Court's decision in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) and subsequent case law. *See* ECF 56 at 12. For the reasons that follow, Plaintiff does not have standing, so the claim is DISMISSED WITHOUT LEAVE TO AMEND.

In *Lyons*, the Supreme Court held that to allege standing a plaintiff must "show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." 461 U.S. at 101–02 (internal quotations omitted). In that case, the plaintiff failed to satisfy this requirement. The defendant-city's police officers had previously stopped the plaintiff and put him in a chokehold. The plaintiff sought to enjoin the future use of such chokeholds by the city's police officers. The Court held that the plaintiff's allegation of past harm "d[id] nothing to establish a real and immediate threat" that he would be injured again in the same way, as would be necessary to allege standing for a claim of injunctive relief. *Id.* at 105–06. The Court held that to allege standing, the plaintiff "would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either, (1)

that all police officers in Los Angeles always choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation or for questioning or, (2) that the City ordered or authorized police officers to act in such manner." *Id.* Critically, the Court held that the plaintiff "would have to credibly allege that he faced a realistic threat from the future application of the City's policy" (assuming it was alleged)—that is, "that he, himself, w[ould] not only again be stopped by the police but w[ould] be choked without any provocation or legal excuse." *Id.* at 107 n.7.

Plaintiff argues he meets these requirements because he alleges that Defendants inflicted the harms at issue here pursuant to city policy and customs. *See* Pl. Brief at 2–3, ECF 57. Even assuming a policy is sufficiently alleged, this does not plausibly allege standing on its own. Plaintiff must also allege that he "face[s] a realistic threat from the future application of the City's policy." *Lyons*, 461 U.S. at 107 n.7. The Ninth Circuit has held that a plaintiff cannot meet this requirement where the plaintiff "can avoid future injury by refraining from illegal conduct." *Armstrong v. Davis*, 275 F.3d 849, 866 (9th Cir. 2001). That is exactly the situation Plaintiff is in here. He seeks to enjoin only Defendant's policies against *arrestees*. *See* Am. Compl. ¶ 75, ECF 43. In order to be subjected to these policies, Plaintiff would have to be arrested again. He makes no plausible allegation that this is likely.

Plaintiff's assertions in his briefing that he fears imminent arrest "because his autistic son's conduct makes others uncomfortable or because the police [may] choose to retaliate against Plaintiff for bringing this lawsuit" are completely speculative and without support. *See* Pl. Br. at 2. He does not otherwise allege that this harm is likely to recur as to him. *Contra Armstrong*, 275 F.3d at 865–67 (plaintiffs were "repeatedly subjected to" the policy in the past and the likelihood of them facing it again was "certain"); *Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001) (plaintiffs showed past retaliation "on a number of occasions spanning a decade" and demonstrated they could be subject to the policy again); *LaDuke v. Nelson*, 762 F.2d 1318, 1324 (9th Cir. 1985), *amended*, 796 F.2d 309 (9th Cir. 1986) (district court had made "specific finding of likely recurrence"); *Meister v. City of Hawthorne*, No. CV-14-1096-MWF SHX, 2014 WL 3040175, at *4 (C.D. Cal. May 13, 2014) (claims not limited to arrests, but instead applied to any interaction or communication with police).

Because the Court holds that Plaintiff does not have standing to bring his Bane Act claim, and that amendment would be futile, the claim is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: November 20, 2018

_____
BETH LABSON FREEMAN
United States District Judge